**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **YANCE, INGE, AND ASSOCIATES, INC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CIVIL ACTION NO. 08-0229-CG-C** |
| ) | |
| **ENROLLMENT FIRST, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

This matter comes before the court on the parties' filings relative to the plaintiff's supplement to its request for fees and expenses it incurred as a result of the defendants' removal of this case from state court.  (Docs. 23-25).

This court entered an order on October 9, 2008, remanding the case to state court and granting the plaintiff's request for fees and expenses pursuant to 28 U.S.C. § 1447(c).  (Doc. 22). The court's order called on the plaintiff to supplement its request for fees and expenses with support for the specific amount of fees and expenses it seeks, and gave the defendants the opportunity to respond to the plaintiff's request.

The plaintiff filed its supplement, asking for $15,050 in attorney's fees and $35 in expenses.  The defendants' response asserted that the plaintiff is not entitled to any fees or expenses and that, if it is entitled to fees and expenses, the amount of fees that the plaintiff requests is excessive.  The plaintiff replied.

This court has already decided to award fees and expenses pursuant to § 1447(c) and the defendants' arguments to the contrary are unpersuasive.  Consequently, the question before the

court is how much in fees and expenses it should award.

The statute provides that the court may award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  As the United States Court of Appeals for the Fifth Circuit explained:

> We conclude therefore that a party's costs of opposing removal, seeking remand, and other expenses incurred because of the improper removal may be awarded. By contrast, ordinary litigation expenses that would have been incurred had the action remained in state court are not recoverable because such expenses are not incurred 'as a result of the removal.'

Avitts v. Amoco Prod. Co., 111 F.3d 30, 32 (5th Cir.1997).

The request for fees must be reasonable.  Martyak v. Martyak, 378 F. Supp. 2d 1365, 1369-70 (S.D. Fla. 2005) (awarding fees for a total of 32 hours worth of legal work rather than for the requested 50 hours of legal work because some of the requested fees were based on "inordinately extensive time" and duplicative time spent on particular legal services); Huffman v. Saul Holdings Limited Partnership, 262 F.3d 1128, 1134-35 (10th Cir. 2001) (must be a reasonable amount of attorney's fees; excessive fees flow from improper billing practices rather than from an improper removal); Mehney-Egan v. Mendoza, 130 F. Supp. 2d 884, 886 (E.D. Mich. 2001) (73.7 hours spent in opposition to a removal was excessive).  But see Wisconsin v. Hotline Indus. Inc., 236 F.3d 363, 367-68 (7th Cir. 2000) (court must award the "actual amount of fees incurred").

Depending on the case, a "reasonable" amount of time may involve a significant number of billable hours.  Gardner v. Allstate Indem. Co., 147 F. Supp. 2d 1257, 1267 (M.D. Ala. 2001) (awarding $31,306.52 in costs pursuant to § 1447(c)); Penrod Drilling Corp. v. Granite State Ins. Co., 764 F. Supp. 1146, 1148-49 (S.D. Tex. 1990) (allowing fees for 72 hours of billable work

by four attorneys at rates ranging from $135 to $245 per hour);  Albion Pac. Prop. Res., LLC v. Seligman, 329 F. Supp. 2d 1163, 1175-76 (N.D. Cal. 2004) (finding 90 hours of research and writing on motion to remand and on reply, 13.7 hours of time in discovery, 1.6 hours of time spent in "other activities," 9.5 hours of research and writing in support of attorney fees request, and 21.8 hours of time spent by legal assistants to be reasonable fees under § 1447(c)).

The plaintiff's supplement includes plaintiff's counsel's time records in this case, the accuracy of which are verified by the plaintiff's counsel.  (Docs. 23-2 and 23-3).  The defendants do not challenge plaintiff's counsel's hourly rate of $250 per hour.  Rather, they offer three points in support of their basic argument that plaintiff's counsel seeks compensation for an excessive amount of billable time.

First, the defendants point to 4.2 hours of billable time for which the plaintiff seeks compensation on May 2, 2008.  (Doc. 24, p. 3).  The defendants point out that the e-mail notice of the removal of this case was not sent until after 5:00 p.m. on May 2, 2008, which would require plaintiff's counsel to have worked past 9:00 p.m. that evening in order to bill 4.2 hours. Plaintiff's counsel replies to say that he did, in fact, work late into the night on Friday, May 2, 2008, because he was leaving the country early in the morning on Monday, May 5, 2008.  (Doc. 25, pp. 2-3; Doc. 25-2).[1]

Second, the defendants argue that the plaintiff's counsel filed a motion to remand another case from this court on June 4, 2008, shortly after the plaintiff filed its May 21, 2008, motion to

---

[1]The court notes that the flight itinerary plaintiff's counsel attaches to his reply brief shows he left the country on May 5, 2008, and returned on May 8, 2008.  (Doc. 25-2).  The bill plaintiff's counsel submits in support of his request for fees shows that he did not bill any time while he was out of the country.  (Doc. 23-3).

remand in this case.  Due to similarities between the motion to remand in this case, and the later-filed motion to remand in the other case, the defendants suggest that plaintiff's counsel is seeking to recover fees he generated in his other case through the motion at bar in this case and ask the court to apportion the fees between the two cases.  (Doc. 24, p. 3).  As a preliminary matter, the court is not in a position to apportion the fees plaintiff requests between this case and another case.  Also, although there are similarities between the motion to remand filed in this case and the motion to remand the plaintiff's counsel filed later in another case, the motions are not identical.  In addition, this case was removed before the other case and plaintiff's counsel moved to remand this case before he moved to remand the other case.  Plaintiff's counsel's written reply explains that he used the motion that is at issue in this case as a template for the motion he filed in the other case.  (Doc. 25, p. 4).  It is entirely possible, as plaintiff's counsel swears in his affidavit, that the time records he submitted are for "the above styled cause as they relate to opposing Defendants' . . . removal of this case."  (Doc. 23-2, p. 1, ¶ 3).  The court notes that, because plaintiff's counsel's motion for fees was denied in the other case, there is no evidence that he is attempting to obtain a double recovery.

Third, the defendants argue that plaintiff's counsel's fees are unreasonable because they exceed the amount of fees generated by "the primary firm in the matter for the Defendants" for all of the legal services it has provided in this case.  (Doc. 24, p. 4).  The comparison is not particularly persuasive due to the nature of the motion to remand.  The motion to remand and its reply required significantly more preparatory work and analysis than did the single response to the motion, the brief removal documents, and the brief answer and discovery responses.

None of the defendants' arguments persuasively undercut the plaintiff's counsel's sworn

4

statement that he did, in fact, spend 60.2 hours "opposing removal, seeking remand, and other expenses incurred because of the improper removal."  <u>Avitts</u>, 111 F.3d at 32.  Due in particular to the nature of the brief in support of the motion to remand, which the court finds was thoroughly researched and well-written, and the fact that jurisdiction was purportedly premised on a relatively new, fairly complicated, Class Action Fairness Act of 1995 and the even more recent, and unusually lengthy decision interpreting it, <u>Lowery v. Ala. Power Co.</u>, 483 F. 3d 1184 (11th Cir. 2007), spending 60.2 hours was not unreasonable.

The $35 in costs the plaintiff seeks to recover is for "pages of print/copy."  (Doc. 23-3, p. 2).  The defendants do not challenge these costs.

The court, therefore, **AWARDS** $15,050 in attorney fees and $35 in expenses, for a total of **$15,085**.  The defendants are **ORDERED** to pay plaintiff said amount **on or before January 30, 2009.**

**DONE and ORDERED** this 31st day of December, 2008.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE